# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0283V
### Filed: November 22, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| HEATHER MOREAU, Executor, | * | |
| Estate of DOUGLAS C. RIEMER, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Varicella Vaccine; Disseminated |
| v. | * | Varicella Zoster Virus ("VZV") Infection; |
| | * | Immunocompromised Person; Death; |
| SECRETARY OF HEALTH | * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for petitioner.*
*Glenn A. MacLeod, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 29, 2016, Heather Moreau ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), on behalf of the Estate of Douglas C. Riemer. Petitioner alleged that Mr. Riemer's death on March 5, 2015, was caused in fact by the Varicella vaccine he received on February 4, 2015. Pet. at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 22, 2016, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation for Mr. Riemer's death on behalf of his Estate. On November 21, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $450,000.00. Proffer at 1-2. In the Proffer,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

respondent represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards a lump sum payment of $450,000.00 in the form of a check payable to petitioner, as Legal Representative of the Estate of Douglas C. Riemer.**[3] This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] "Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Douglas C. Riemer's estate under the laws of the State of Wisconsin." Proffer at 2. "No payments pursuant to [the] Proffer shall be made until petitioner provides the Secretary with documentation establishing her appointment as Legal Representative of Mr. Riemer's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as Legal Representative of the estate of Douglas C. Riemer at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Legal Representative of the estate of Douglas C. Riemer upon submission of written documentation of such appointment to the Secretary. Petitioner agrees." *Id.* at n.1.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| **Heather Moreau, Executor,** | \* | |
| **ESTATE OF DOUGLAS C. RIEMER,** | \* | |
| | \* | |
| Petitioner, | \* | |
| | \* | |
| *v.* | \* | **No. 16-283V (ECF)** |
| | \* | CHIEF SPECIAL MASTER |
| | \* | NORA BETH DORSEY |
| **SECRETARY OF HEALTH** | \* | |
| **AND HUMAN SERVICES**, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PROFFER ON AWARD OF COMPENSATION

On November 21, 2016, respondent filed her Vaccine Rule 4(c) Report recommending that a preponderance of the medical evidence indicates that Douglas C. Riemer's death on March 5, 2015 was causally related to the Varicella vaccination he received on February 4, 2015. The parties now address the amount of compensation to be awarded in this case.

## I. Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $450,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award

As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Proffer, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $450,000.00 in the form of a check payable to petitioner, as Legal Representative of the Estate of Douglas C. Riemer, representing compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Douglas C. Riemer's estate under the laws of the State of Wisconsin.[1]

Accordingly, the parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $450,000.00 in the form of a check payable to petitioner as Legal Representative of the Estate of Douglas C. Riemer. Petitioner agrees.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

---

[1] No payments pursuant to this Proffer shall be made until petitioner provides the Secretary with documentation establishing her appointment as Legal Representative of Mr. Riemer's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as Legal Representative of the estate of Douglas C. Riemer at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Legal Representative of the estate of Douglas C. Riemer upon submission of written documentation of such appointment to the Secretary. Petitioner agrees.

_s/ GLENN A. MACLEOD_

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 616-4122

DATE: November 21, 2016